## JONES *v.* MARTIN *et al.*

## SAME *v.* MOLL *et al.*

### (*Circuit Court, S. D. California.* June 11, 1888.)

1 PUBLIC LANDS—MEXICAN GRANTS—PATENTS—BOUNDARY—ON SEA-SHORE.

Where a patent confirming a Mexican grant describes the land as follows: "Beginning on the sea-shore at station number 13 of the Ballona rancho," the plat of the survey annexed to the patent representing this common corner of the two ranchos as commencing on the sea-shore, it is to be construed that the land is at that point bounded by the sea, *i. e.*, ordinary high-water mark.

2. SAME—CALLS—LOCATION OF LINE.

Under a description of a rancho in part as follows: "Thence south 41 degrees and 15 minutes east, * * * at 40 chains and 89 links, Santa Monica bath-house on the left," etc., the left being within the rancho, a line cutting through the Santa Monica bath-house, leaving more than 20 feet of it outside of the rancho, is not a true location of the boundary of the rancho.

At Law. Ejectment.

*Wells, Van Dyke & Lee*, for plaintiff.

*George W. Knox*, for defendants.

Ross, J. These actions involve the same question and by agreement of counsel were tried and submitted together. The question is, what is the true location of the westerly boundary of the Rancho San Vicente y Santa Monica, which was a Mexican grant, confirmed and patented by the government of the United States. The rancho is described in the field-notes embodied in the patent as "beginning on the sea-shore at station number 31 of the Ballona rancho, and running thence, according to the true meridian, the variation of the magnetic needle being from 14 degrees and 30 minutes east, to 14 degrees 35 minutes east, north 49 degrees, east along the line of the Ballona rancho; at 2 chains and 10 links east, bank of arroyo, bearing north and south; at 3 chains and 50 links, top of bank, bearing north and south; at 3 chains and 80 links, a fir post, 48 by 4 by 2 inches, marked 'S. V. S. M. I. W. C.,' from which the north-east corner of H. Hancock's house bears south 40 degrees and 30 minutes east, 204 links distant," and thence by various courses, distances and calls to the easterly boundary of the Rancho Boca de Santa Monica, along which the line, according to the field-notes, runs "south 23 degrees west; at 15 chains and 24 links, a road, course north-east; at 27 chains and 30 links, a road, course north and south; at 53 chains and 40 links, a road, course north-east and south-west; at 54 chains and 35 links, a trail, course north-east and south-west; at 59 chains, sumac stake, marked 'B. S. M.;' at 89 chains and 80 links, Arroyo Santa Monica, 75 links wide, runs south-west; at 92 chains and 35 links, the brow of the Canada Santa Monica, bearing north 56 degrees east and south-west; at 96 chains leaves dense sage brush, bearing east and west; at 104 chains enters grain field, bearing north-west and south-east; at 111 chains and 85 links leaves grain field, bearing north-west; at 120 chains, the brow of the canada, bearing north 20 degrees west; at 123 chains and 85 links, Marquez' house, bears north 74 degrees west; at 129 chains a grain field on the left; at 139 chains a redwood post, 48 by 4 by 2 inches, 12 inches deep, marked 'B. S. M.,' from which an old adobe house, built by Reyes, standing on the brow of the Canada Santa Monica, bears south 68 degrees and 30 minutes west, 187 links distant, and Marquez' house bears north 17 degrees and 30 minutes west; at 139 chains and 35 links, a road, course east and west; at 140 chains and 80 links, a road, course north 20 degrees west, and south 20 degrees east; at 145 chains and 85 links enters grain field east and west; at 176 chains and 50 links, a sycamore post, 48x4x4 inches, marked 'B. S. M. 11 W. C.,' set 12 inches deep in earth, and surrounded by a mound 24 inches high; on top of bluff, leaves grain field; at 188 chains, foot of bluff; 190 chains to a stone mound at the south-east corner of the Rancho Boca de Santa Monica station; thence along the coast of the Pacific ocean south 59 degrees and 30 minutes east, 3 chains and 30 links to station; thence south 48 degrees and 30 minutes east; at 33 chains a barranca in bluff to left the south-east corner of the juridical possession of the Rancho Boca de Santa Monica, 60 chains to station; thence south 41 degrees and 15 minutes east; at 16 chains and 25 links a stairway runs north-east up the bluff; at 18 chains and 30 links a small bath-house on the left; at 20 chains

and 70 links, a small bath-house on the left; at 40 chains and 89 links, Santa Monica bath-house on the left; at 42 chains and 47 links a walk runs north-east up the bank to the town of Santa Monica, about half a mile distant; at 48 chains and 50 links, the old wharf of the Los Angeles and Independence Railroad, bearing north-east and south-west; the town of Santa Monica is on the bluff, which is about 75 feet high; at 51 chains and 35 links, a road running north-east up the bluff to Santa Monica 77 chains, to the place of beginning." Annexed to the field notes embodied in the patent is a plat of the survey, which shows the Pacific ocean to be the westerly boundary of the Ranchos San Vicente y Santa Monica, Boca de Santa Monica, and Ballona.

Upon the trial of the case, one surveyor on the part of the plaintiff and two on the part of the defendants testified that they recently ran the westerly line of the Rancho San Vicente y Santa Monica according to the field-notes of the official survey, which survey was made in the year 1881. The surveyor for the plaintiff took as his point of commencement the post upon the bluff on the line of the Rancho Boca de Santa Monica, and in running the meander line down the coast by the field-notes of the official survey it was found to leave a narrow strip of sand beach of varying width between the line and the water-mark at ordinary high tide until nearing the initial point of the rancho, which, according to the line as thus run, would be located a few feet below low tide. The line as thus run, however, leaves to the left the barranca in the bluff, the two small bath-houses, the Santa Monica bath-house, and the other objects stated in the patent to be to the left of the line, and includes within the lines of the rancho the premises occupied by the defendants. The surveyors on the part of the defendants took as their point of commencement the initial point of the Rancho San Vicente y Santa Monica, which they located, not on the sea-shore, but a short distance from it, and, reversing the courses and distances given in the patent, ran the line up the coast. The line thus run cut through the Santa Monica bath-house, leaving more than 20 feet of it to the seaward, and leaving the premises occupied by most of the defendants, which is a part of the sand beach, and most of the possessions of the other defendants, also a portion of the sand-beach, without the lines of the rancho.

I consider it very clear that the line as located by the defendants' surveyors is not the true location of the westerly boundary of the rancho—
*First*, because their starting point was not correct. The rancho in question is described in the field-notes of the patent as beginning on the sea-shore, at station No. 31 of the Ballona rancho, and the plat of the survey annexed to the patent, and forming part of it, represents this common corner of the two ranchos as commencing on the sea-shore. When it is declared that the point of commencement is a given point on the sea-shore, the unmistakable meaning is that there is nothing between that point and the shore of the sea. In other words, that the land described is at that point bounded by the sea; that is to say, by ordinary high-water mark. *Secondly.* The line as located by the defendants' surveyors cuts through the Santa Monica bath-house, leaving more than 20

fect of it outside of the rancho, whereas it is distinctly declared in the field-notes of the patent that that bath-house, as also two smaller ones to the north of it, all of which it was shown by the evidence were in existence when the official survey was made, were to the left of the line as run by the government surveyor, and consequently within the lines of the rancho; and they are so represented on the plat. In view of these facts, it is unnecessary to consider the improbability of the government survey having been run through the Santa Monica bath-house, which, it is shown, was at the time of the official survey, and yet is, a large and prominent structure, conducted for bathing purposes, in front of the town of Santa Monica, which the patent declares and shows to be located on the bluff, about half a mile distant. If it be conceded that the westerly boundary of the rancho does not extend to ordinary high-water mark, the evidence leaves no doubt in my mind that the line run in accordance with the courses and distances given in the patent includes the premises occupied by the defendants; and therefore, in view of conceded facts in the case, the plaintiff is entitled to recover. But I am of the opinion that the true westerly boundary of the rancho is not the meander line of the surveyor, but the Pacific ocean, which means the line of ordinary high tide. As has been seen, the rancho begins on the sea-shore at the north-westerly corner of the Rancho Ballona; thence the line runs easterly, and by various other courses, until it strikes the coast again, and thence along the coast by various courses and distances to the place of beginning on the sea-shore. The meander line down the coast was necessary for the purpose of ascertaining the quantity of land embraced within the survey. But that the ocean, and not the meander line, as actually run on the ground, was intended to be the westerly boundary of the rancho is clearly shown by the fact that upon the official plat, made from the field-notes, and annexed to and forming part of them, the meander line is represented as the line of the ocean. See *Railroad Co.* v. *Schurmeir*, 7 Wall. 278.

There must be judgment for the plaintiff in each case, and it is so ordered.